```
                                UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF FLORIDA

                                CASE NO. 10-20227-JORDAN
                                MAGISTRATE JUDGE P.A. WHITE

DOUGLAS MARSHALL,               :

        Plaintiff,              :

v.                              :      REPORT OF MAGISTRATE
                                              JUDGE
STATE OF FLORIDA, et al,

        Defendants.             :
_____
```

The pro-se incarcerated plaintiff, Douglas Marshall, a multiple filer, has filed a civil rights complaint.[1] The plaintiff claims that he follows the "Almighty Yahweh", and is not to be considered a United States Citizen or Resident. He claims to be a sovereign entity and not subject to the laws of this Country, nor has he contracted to obey the laws. He claims that he is governed by the Uniform Commercial Code and that code permits him to be released from custody. These allegations have been raised in multiple cases by Douglas Marshall and dismissed for failure to state a claim. [2]

---

[1] The plaintiff paid the full filing fee and cannot be barred as a multiple filer. However, the plaintiff has filed an almost identical claim in case no. 10-20220-Civ-Ungaro, and once his claims have been denied he will be procedurally barred by the principals of res-judicata and collateral estoppel as to future identical complaints.

[2] Marshall's claims distinguishing his "flesh and blood, living, breathing" persona from a copyrighted "strawman/entity/fiction" of the same name are, in fact designed to set up a claim of what has become known as the theory of "redemption." See Case No. 08-14056-Civ-Martinez, as is explained more fully,

"Redemption" is an anti-government scheme that utilizes commercial law to harass and terrorize its targets. It is increasingly popular among prison populations. This theory advocates that an individual can 'redeem' himself through the filing of commercial documents. According to the theory, the convict has a split personality: a real person and a fictional person called a "strawman." The strawman came into being when the United States went off the gold standard in 1933 and pledged its citizens as collateral for its national debt. Proponents of the theory believe that the government only has power over the strawman and not the real person. The real person, however, can "redeem" the fictional person by filing a UCC financing statement. This allows the real person to acquire an interest in the fictional person that trumps the government's power. Redemption theorists believe that the government must pay the real persons millions of dollars to use the strawman's name or keep him in custody. If the official refuses to pay, the real person can file a lien. The official is encouraged to release the convict from custody to avoid this situation. ...

While filers of the liens assert that they are entitled to the debt because the public official targeted has wronged the filer through criminal prosecution or by using his name, these schemes are fraudulent because the liens against public officials are not supported by real debts or security interests ... An individual does not have a copyright in his own name. See 17 U.S.C. §102 (stating that copyrights are only available for original works of authorship such as literary, musical or pictorial works). Public officials do not owe debts for

The plaintiff names the State of Florida, Everglades Correctional Institution, Alonzo Perkins, Assistant Warden at Everglades Correctional Institution, and Yolanda Lopez, the librarian specialist. The plaintiff has paid the Clerk's full filing fee of $350.00. He seeks monetary and injunctive relief.

Therefore this complaint is before the Court upon initial screening of the plaintiff's complaint (DE#1) On April 26, 1996, the following statute, 28 U.S.C. §1915A was enacted:

> Sec. 1915A. Screening
>
>   (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>   (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint--

---

> investigating and prosecuting crimes. Federal authorities have successfully prosecuted perpetrators of these schemes under various criminal statutes.

Monroe v. Beard, 2007 WL 2359833 (E.D. Pa. August 16, 2007); see also Gibson v. Crist, 2007 WL 2257522 (N.D. Fla. August 6, 2007), and cases cited [DE 20, Ex.E]; United States v. Orrego, 2004 WL 1447954 (E.D. N.Y. June 22, 2004) [DE 20, Ex.F].

>     (1) is frivolous, malicious, or fails to
> state a claim upon which relief may be
> granted; or
>     (2) seeks monetary relief from a defendant
> who is immune from such relief.
>   (c) Definition.--As used in this section,
> the term "prisoner" means any person
> incarcerated or detained in any facility who
> is accused of, convicted of, sentenced for, or
> adjudicated delinquent for, violations of
> criminal law or the terms and conditions of
> parole, probation, pretrial release, or
> diversionary program.

Clearly this complaint fails to state a claim and is completely frivolous. The plaintiff has no constitutional right to immediate release under the Uniform Commercial Code, and his claims that the Code provides him with "immunity" is completely frivolous.

He claims that the named defendants refuse to recognize his "sovereign state", refuse to allow photocopying of the Uniform Commercial Code, and that they have banned all possession and utilization of the Code. He further adds that his attempts to order copies of the Code have been thwarted. As stated in this Report, the use of the Code to further the theory of "Redemption" has led, in some cases, to criminal prosecutions, and the defendants have violated no constitutional right of the plaintiff.

The plaintiff's claims are completely without merit, and it is recommended that case be dismissed pursuant to 28 U.S.C. 1915A(B)(1) for failure to state a claim.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 29th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Douglas Marshall, Pro Se
      823916
      Everglades Correctional Institution
      Address of record