UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20227-CIV-JORDAN

| | |
|---|---|
| DOUGLAS MARSHALL | ) |
| Plaintiff | ) ) ) ) |
| vs. | ) ) |
| STATE OF FLORIDA et al. | ) ) |
| Defendants | ) ) |

### ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Mr. Marshall's motion for a second extension of time of 60 days to file objections [D.E. 8] is denied. Following a de novo review of the record, I adopt in part the report issued by Magistrate Judge White [D.E. 5], and remand the case to him with the following additional analysis.

I agree with Magistrate Judge White that any claims by Mr. Marshall based upon his theory of "redemption" are frivolous. Any such claims are dismissed with prejudice.

Mr. Marshall, however, also appears to be complaining under the First Amendment about prison officials (a) limiting his access to and seizing UCC-related materials he had ordered from various media outlets/publishers, and (b) not giving him materials that were ordered but not rejected or seized. To that extent, I cannot say that the First Amendment claims are frivolous because two courts of appeal have issued somewhat conflicting rulings in similar cases involving prison regulations limiting access to UCC-related materials. *Compare Jones v. Caruso*, 569 F.3d 258, 269-75 (3d Cir. 2009), *with Monroe v. Beard*, 536 F.3d 198, 207-09 (6th Cir. 2008) (2-1 decision). Although my preliminary view is that the Third Circuit's opinion in *Jones* and the dissenting opinion in *Monroe* are more persuasive, the issues deserves some more analysis.

I understand that, as Magistrate Judge White explained in his report, this case has some factual and legal overlap with another of Mr. Marshall's cases, *Marshall v. State of Florida et al.*, No. 10-20220-Civ-Ungaro. That case was dismissed with prejudice by Judge Ungaro on March 17,

2010, so it would appear that Mr. Marshall might face some a res judicata bar or some collateral estoppel hurdles in this case as to duplicative UCC-related claims, particularly if such claims in both cases all arose from Mr. Marshall's confinement at Everglades Correctional Institution. Again, however, these possible preclusion issues warrant a closer look and a more detailed analysis.

The case is therefore remanded to Magistrate Judge White for a supplemental report and recommendation concerning Mr. Marshall's First Amendment claims.

Done and ordered in chambers at Miami, Florida, this 24th day of March, 2010.

_____
Adalberto Jordan
United States District Judge

Copies to Magistrate Judge White; and Douglas Marshall, pro se, Everglades C.I., P.O. Box 949000, Miami, FL 33194.